**In re Louis J. PETRO and Joan C. Petro, Debtors.**

**Bankruptcy No. 81–03827K.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 23, 1982.

Edward J. DiDonato, H. Lee Weinrebe, John A. Wetzel, Philadelphia, Pa., for debtors.

Jay Glickman, Souderton, Pa., for G. I. Specialty Co.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

Andrew N. Schwartz, Philadelphia, Pa., for Commercial Banking Corp.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court for a determination of whether the debtors should be held in contempt for their filing of a Chapter 13 petition one (1) year subsequent to their previous Chapter 13 petition having been dismissed with prejudice; and, whether the Order to Dismiss with Prejudice should be modified. After a hearing and careful consideration, the Court has determined that the debtors are in contempt of this Court for the filing of their September 18, 1981 Chapter 13 petition (Bankruptcy No. 81–03827K), and the April 15, 1981 Order dismissing the debtors' April 15, 1980 Chapter 13 petition (Bankruptcy No. 80–00972K) with prejudice will not be modified.[1]

The essential facts of this case are as follows: On April 15, 1980, the debtors, Louis J. and Joan C. Petro, filed for relief under Chapter 13 of the Bankruptcy Code. On December 12, 1980, pursuant to a peti-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

tion by Margaret Graham, then the standing trustee, a hearing was held to determine whether the debtors' Chapter 13 petition should be dismissed for failure to make payments under their proposed plan. Debtors were represented at that time by Erwin Miller, Esquire. At the hearing, it was agreed that the dismissal would be denied, that the debtors would commence making payments on their plan, and that the meeting of creditors would be rescheduled. The debtors failed to appear at the first meeting of creditors.

On January 14, 1981, a meeting of creditors was held, payments were still not being made upon the proposed plan, and the debtors had failed to submit a proper plan. On March 2, 1981, the trustee filed a second motion to dismiss. A hearing was held, after notice to the debtors, on April 15, 1981. This Court Ordered that the case be dismissed with prejudice. The Court also permitted Erwin Miller, Esquire, counsel to the debtors, to withdraw from the case.

Subsequent to the dismissal with prejudice, Commercial Banking Corporation, a creditor of the debtors, arranged for the scheduling of a Sheriff's Sale of the debtors' property. The sale was to occur on September 23, 1981. On September 18, 1981, the debtors filed a Chapter 13 petition. They were represented by H. Lee Weinrebe, Esquire, at that time. On September 22, 1981, the new Chapter 13 case was transferred from the Honorable Emil F. Goldhaber to the Honorable William A. King, Jr., in accordance with the assignment practices of the Court.

On November 16, 1981, this Court issued an Order to Show Cause Why the Debtors Should not be held in Contempt. On November 30, 1981, Commercial Banking Corporation filed an application to hold debtors in contempt, assess counsel fees and damages, and dismiss or convert the present Chapter 13 case. On December 1, 1981, the debtors filed an application to modify the April 15, 1981 Order of Dismissal with prejudice. Debtors were represented by H. Lee Weinrebe, Esquire, and Edward J. DiDonato, Esquire, at that time. H. Lee Weinrebe,

Esquire, petitioned the Court to allow him to withdraw as counsel. On December 10, 1981, a hearing was held, H. Lee Weinrebe, Esquire, was permitted to withdraw; the Court held under advisement its own Show Cause Order and the debtors' petition for modification, Commercial Banking Corporation's application was held in suspense. Briefs were submitted.

■ Before a party can be in contempt of Court, there must be a "specific and definite" Order of the Court which the party has violated, and the party must have had actual knowledge of that Order. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *United States v. Christie Industries, Inc.*, 465 F.2d 1002 (3d Cir. 1972).

The debtors make two (2) contentions as to why they should not be held in contempt; that the Order dismissing the debtors' Chapter 13 petition was improperly given and, therefore, a violation of that Order does not constitute contempt; and that the debtors did not know that the dismissal with prejudice precluded a subsequent Chapter 13 petition.

■ The first contention of the debtors is clearly without merit. All orders and judgments of courts must be obeyed. "If a person to whom a judge directs an order believes that order is incorrect, the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975); *See, also, United States v. Stine*, 646 F.2d 839, 845 (3rd Cir. 1981). The debtors have had ample opportunity to take action in an effort to have this Court's Order dismissing their Chapter 13 petition with prejudice vacated. One option open to the debtors was to petition this Court for a modification of its Order, as they have now done. The debtors cannot, however, disobey the Order of Court and, later, attempt to assert the invalidity of the Order as a defense to contempt of court. The Court is compelled to take a dim view of such a procedure. Even if the Order is later determined to have

been incorrect, or even unconstitutional, defiance of the Order prior to a judicial determination of its invalidity will nonetheless constitute contempt. *United States v. Stine, supra.*

■ The debtors' second assertion is that they did not know that the dismissal with prejudice precluded them from filing a subsequent Chapter 13 petition. This claim goes to whether the Order was sufficient "specific and definite" to support a finding of contempt. The debtors do not contend that a dismissal with prejudice does not, in fact, preclude their subsequent filing, only that they did not know that it did. Their lack of knowledge is alleged to be based, in part, upon the failure of the debtors' counsel to advise them correctly. Even if the debtors could show that their conduct was based upon the erroneous advice of counsel, such is not a defense to civil contempt. *Farber v. Rizzo*, 363 F.Supp. 386, 395 (E.D. Pa.1973). Nor is the fact that the debtors did not understand the legal import of the Order a defense, willfulness is not an element of civil contempt. *Farber, supra.*

■ The debtors are attempting to persuade this Court to impute a subjective element into the "specific and definite" standard. But civil contempt, as distinguished from criminal contempt, has long been viewed as a vehicle to force parties to comply with Court Orders and to compensate others for injuries caused as a result of the disobedience. To require that the disobeying party *willfully* disobey the Order would effectively sterilize the tool. This is not to suggest that the Court, in exercising its equity jurisdiction, should not take such a factor into consideration. This Court will not, however, go so far as to make willfulness a necessary finding in order to impose the sanction of civil contempt. In this case, it is the opinion of this Court that minimal weight be given to the debtors' claim that they were unaware of the import of the Court's April 15, 1981 Order. The debtors

were represented by counsel; they were present at the dismissal hearing and at the hearing, they were told by the Court that the petition was being dismissed with "prejudice". If they did not understand the effect of such a dismissal, they could and should have spoken up at the hearing. If they were misinformed by counsel, their remedy is to be pursued in a more appropriate manner than disobedience. The debtors are hereby found to be in contempt of this Court.

Also, before this Court is the debtors' application for a modification of the April 15, 1981 Order dismissing their April 15, 1980 Chapter 13 petition with prejudice. The debtors set forth two (2) bases upon which they contend this Court should modify its previous Order: the notice of the dismissal hearing was constitutionally deficient, and the "cause" required by § 1307 of the Code for dismissal with prejudice was absent.

■ The notice provided to the debtors for the dismissal hearing was clearly sufficient. The debtors contend that the notice failed to inform them of the possibility that a dismissal could preclude subsequent Chapter 13 findings. Due process requires notice of such a nature that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Under the circumstances presented in a bankruptcy, due process does not require informing the debtor of all the possible ramifications of a dismissal hearing.[2] It may well be that such a form of notice would better protect the rights of debtors, but the constitution does not require it. Due process is flexible and calls for only those procedural protections as the particular situation demands. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484; *Mathews v. Eldridge*, 424 U.S.

---

**2.** This is not to say that under no circumstances would due process require information concerning substantive rights. In *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), the United States Supreme Court held that notice of the termination of utility service, in order to be constitutionally valid, must inform the customer of the availability of a procedure for the protesting of the proposed termination.

319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18. The debtors' argument might be more convincing if the factors were somewhat different. For example, if the debtors had appeared *pro se*, the failure to comprehend the legal significance of a dismissal with prejudice would be a greater danger and therefore possibly calling for more extensive notice. This situation, however, presently is not before this Court and, therefore, no ruling is made upon it. No circumstances appear in this case which would indicate that the notice provided does not meet the due process standard.

The debtors' final argument is that there was insufficient "cause" to dismiss their case with prejudice as is required by § 1307(c) and § 349(a) of the Code. Section 1307(c)[3] provides for dismissal of a Chapter 13 case for "cause". Section 349(a)[4] provides that a dismissal will be without prejudice unless the Court, for "cause", Orders otherwise, neither § 349(a), nor the legislative history thereof, give the Court any guidance as to what would constitute sufficient "cause" for a dismissal with prejudice. It appears, however, and, this Court now holds, that there must exist something greater than that which, alone, would constitute "cause" for a dismissal under § 1307(c). Thus, if a debtor merely failed to file a plan timely, there would be sufficient "cause" to Order a dismissal under § 1307(c), but, in the absence of other factors, there would be insufficient "cause" for a dismissal with prejudice under § 349(a).

Thus, where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a). Chapter 13 of the Bankruptcy Code provides a very liberal vehicle through which debtors can alter their contracted mode of paying their debts. The success of a Chapter 13 repayment plan is almost wholly dependent upon the sincerity of the debtors' desire to pay back their debts. In a case, such as this one, where the debtors demonstrate an absence of that sincerity, time and again, through reckless disregard for the provisions of the Code and the authority of the Bankruptcy Court, it is clear that their case is ripe for a dismissal with prejudice. In this case, the debtors continually failed to make payments on their proposed plan; the debtors ignored the directive of the Court to make payments; the debtors failed to appear at a meeting of creditors, and they continually failed to file plans which conformed to the requirements of Chapter 13. These factors, considered in the aggregate, constitute "cause" for dismissal with prejudice pursuant to § 349(a) of the Code.

**3.** § 1307(c) provides in full that:

(c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;

(5) material default by the debtor with respect to a term of a confirmed plan;

(6) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; and

(7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

11 U.S.C. § 1307

**4.** § 349(a) provides that:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed.

11 U.S.C. § 349(a).