## In re JERRY'S BLUE ROOM LOUNGE, INC., Debtor.

### Bankruptcy No. 81–02451K.

United States Bankruptcy Court, E. D. Pennsylvania.

May 12, 1982.

Perry L. Crutchfield, Jr., Philadelphia, Pa., for debtor.

Robert Lapowsky, Philadelphia, Pa., for creditor Andrew M. Bogdanoff, President of Trent Financial Corp.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Now, on a remand from the United States District Court for the Eastern District of Pennsylvania, is the Order of this Court of July 15, 1981, dismissing the above-captioned case with prejudice and finding Perry L. Crutchfield, Jr., Esquire, to be in Contempt of Court. A motion for reconsideration was denied. An appeal was taken to the District Court, where the case was assigned to the Honorable Charles R. Weiner, District Judge. By Order of February 8, 1982, Judge Weiner remanded the case to Bankruptcy Court: "... to make findings of fact and conclusions of law upon which the Court based its dismissal of the Chapter 7 petition, and the Contempt Order, both entered on July 15, 1981."

## I. FINDINGS OF FACT

1. On December 24, 1980, a voluntary petition for relief under Chapter 7 of the Bankruptcy Code was filed by Jerome Jordan on behalf of the above-named debtor. This case was assigned Bankruptcy Number 80–03427.

2. On February 5, 1981, the president of the debtor filed an application to dismiss the petition.

---

9. *See, e.g., Weir et al. v. Potter Title and Mortgage Guarantee Co.*, 323 Pa. 212, 185 A. 630 (1936).

3. Jordan filed no response and the application to dismiss was granted on April 6, 1981. This Order was not appealed.

4. On April 9, 1981, Jordan filed another petition, this time under Chapter 11 of the Code.

5. This petition was assigned Bankruptcy Number 81–01314K.

6. An application to dismiss this case with prejudice was filed on May 14, 1981.

7. An application for expedited hearing was granted and hearing was duly held on May 21, 1981.

8. At the hearing on May 21st, the case was dismissed with prejudice.

9. A motion for reargument was filed by Jordan on May 28, 1981.

10. This motion, on its face, presented the Court with no cause or reason for reargument. The motion was denied on June 11, 1981.

11. Both of these cases (Bkcy. Nos. 80–03427K and 81–01314K) were dismissed on application of Andrew N. Bogdanoff, President of Jerry's Blue Room Lounge, Inc.

12. Jerome Jordan was not a stockholder, officer, or director of the debtor at the time either of these petitions were filed.

13. The Order dismissing the case on May 21, 1981 was not appealed.

14. Jordan filed another petition on June 25, 1981. This case was brought under Chapter 7 of the Code and assigned Bankruptcy Number 81–02451K.

15. An application to dismiss the petition and to hold Jordan's counsel in contempt was filed.

16. On July 15, 1981, the Court found Perry L. Crutchfield, Jr., Esquire, in contempt and levied certain penalties against him.

17. On July 15, 1981, the Court entered an Order dismissing this case with prejudice.

18. A motion for reconsideration was denied on July 28, 1981.

19. The Court finds all three (3) of these petitions to have been filed by Jerome Jordan and his counsel, in the utmost bad faith.

20. All three (3) petitions were filed at a time when Jerome Jordan had no right, title, or ownership interest in the debtor corporation.

21. All three (3) petitions were filed at a time when Jordan was not an officer or director of this corporation.

## II. DISCUSSION

The Court is appalled by the conduct of both this individual and his counsel. Bad faith and abuse of the process for relief available to debtors under the Bankruptcy Code is more than obvious. Although he is not an officer or authorized agent of Jerry's Blue Room Lounge, Inc., Jerome Jordan has persisted in filing petitions under the Bankruptcy Code on behalf of this corporation in an attempt to deny legitimate rights of creditors. Such conduct cannot and will not be tolerated by the Court.

His first case (Bkcy. No. 80–03427K) was dismissed because an answer was not timely filed. No appeal was taken and this Order became final pursuant to Bankruptcy Rule 803.

His second case (Bkcy. No. 81–01314K) was dismissed with prejudice after notice and hearing. Once again, no appeal was taken. This Order also became final pursuant to Bankruptcy Rule 803.

Dismissal with prejudice is a serious remedy and one that is rarely invoked.[1] In certain cases, however, the conduct of a party is so flagrant that severe action must be administered. This matter proved itself to be such a case.

The individual, Jerome Jordan, persisted in filing bankruptcy petitions on behalf of this corporation. Jordan had resigned as president of the corporation in June of 1980. Because Jordan was not a corporate officer, the Court is completely mystified as to the source of his authority to file a voluntary petition. Unfazed by such a minor matter,

1. This Court is able to recall only three or four cases which were dismissed with prejudice since 1979.

 

however, Jordan persisted in filing petitions for relief. His motive, on the other hand, is not at all mysterious. Pursuant to a security agreement, the secured creditors had taken over his stock in the corporation. Jordan was attempting to prevent them from exercising their rights long after he was ousted from the corporation. The case was, therefore, dismissed with prejudice.

Jordan, however, was not finished filing petitions. The instant case was filed and the matter has come before the Court. The Order of May 21, 1981, is *res judicata* of this case. The prior petition filed by Jordan was dismissed with prejudice. The Order of Dismissal was not appealed and became a final Order under Bankruptcy Rule 803. The instant case must likewise be dismissed with prejudice. *In re Petro*, 18 B.R. 566 (Bkrtcy.E.D.Pa.1982). This farce must, at some point, have an end.

The doctrine of *res judicata* provides such an end. As the Honorable Emil F. Goldhaber, Bankruptcy Judge of this District, so eloquently stated:

> Just as all good things must end so must bad things. It is done, finished, and ended. It is beyond artificial legal respiration. We have a name for such a passing; it is the legal counterpart of "Rest in Peace", and it is called *res judicata*.

*In re Botany Industries*, 9 C.B.C. 653 (Bankr.E.D.Pa.1976).[2] In this case, the matter has been litigated before the Court and a decision rendered on May 21, 1981. The instant petition is only an attempt to impermissibly circumvent the Order of the Court.

The Orders of this Court holding counsel for Jerome Jordan in contempt have also been appealed. In this series of cases, Perry L. Crutchfield, Jr. has shown a complete absence of professional conduct and a near-total disregard for the dignity and procedure of the Court. To say that he has acted in bad faith would undeservedly dignify his conduct.

2. Although Judge Goldhaber's words seem final—the case is not, *see, In re Botany Ind.*, 17

## III. CONCLUSIONS OF LAW

1. The case (Bkcy. No. 81–02451K) will be dismissed with prejudice.

2. The Orders holding Perry L. Crutchfield, Jr., Esquire, in Contempt of Court will be reaffirmed.

Bankr. 631 (Bkrtcy.E.D.Pa.1982).