**ASSOCIATES COMMERCIAL CORPORATION, Plaintiff,**

v.

**Dallas STEVENSON, Defendant.**

**Civ. A. No. J82–0479(C).**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 9, 1983.

Mike McMahan, Hattiesburg, Miss., for plaintiff.

Leonard Rosenthal, Natchez, Miss., for defendant.

Harold J. Barkley, Jr., Jackson, Miss., for trustee.

WILLIAM HAROLD COX, District Judge.

This appeal in this bankruptcy case is occasioned by the fact that this dairy farmer living out in the country from Liberty, Mississippi caused Stevenson Trucking to be incorporated in the state of Mississippi and that both the corporation and Mr. Stevenson signed the note and conditional sales contract embracing the 1978 model Mack tractor. The papers indicated that the tractor was sold to Dallas Stevenson but the parties to this negotiable instrument were jointly and severally liable on this note. Nobody contends that this corporation is entitled to any relief under this act which was designed and intended to help individuals in need of such help. Mr. Stevenson as a dairy farmer is certainly entitled to the help of this Court which hopefully will enable him to weather this financial crisis. The corporation is not entitled to any help of this Court but the tractor shall be and remain as property of Dallas Stevenson during and throughout the trial of this case.

It is noted that an order was entered by the Bankruptcy Judge on May 26, 1982 confirming the Debtor's plan without awarding any fee to the Debtor's attorney, etc. The plan originally allowed Dallas Stevenson to pay $1,801.00 a month. That monthly payment has been lowered to $1,675.00 a month by reason of an insurance claim on a Toyota vehicle which has been properly handled by the Court. All monthly payments have heretofore been made.

The holders of the conditional sales contract on the Mack tractor complain that the insurance (fire and casualty) have not been paid so far as they know. The Bankruptcy Judge approved the settlement.

It is the view of this Court that the modified plan of Dallas Stevenson to pay $1,675.00 per month is affirmed on the condition and with the understanding that Mr. Stevenson additionally pay all insurance required by the plan within five days from this date and immediately notify the creditor and the Trustee and the holder of the conditional sales contract that he has done so in strict compliance with the requirements of said purchase contract; if not so done within said time, this order will then and there become null and void. It is the avowed purpose of this act to enable such debtors to cooperate with this plan and be temporarily protected from its hardships if the debtor takes care of the security and protects it against loss or damage strictly as the contract of sale provides for a period of 60 months, or 5 years from its date. There

has been an unusual amount of controversy and contentions about this arrangement case, and this Court is impressed with the fact that the Bankruptcy Judge had all of these contentions and made his adjudication accordingly; and this Court modifies his decision as indicated but in the main affirms it.