**Donald Francis KANTAK, and Carol Ann Kantak, Debtors-Appellants,**

v.

**Vincent T. FIATO, Appellee.**

**Civ. No. 82–1102 HB.**

United States District Court, D. New Mexico.

March 30, 1983.

Robert H. Clark, Keleher & McLeod, P.A., Albuquerque, N.M., for debtors-appellants.

Jeffrey A. Dahl, Albuquerque, N.M., for appellee.

MEMORANDUM OPINION

BRATTON, Chief Judge.

Donald F. and Carol Ann Kantak appeal from the United States Bankruptcy Court's dismissal of the proceedings they instituted in that court under Chapter 13 of Title II of the United States Code. They base their appeal and urge reversal on two grounds: (1) the court dismissed their proceeding on its own motion, an action it had no authority to take; (2) even if the court had authority to dismiss the case, the court abused its authority because their proposed plan for payment of their debts satisfied the requirements of 11 U.S.C. § 1322 (Supp. II 1978). Having considered the arguments of the parties and the governing law, this Court concludes that the dismissal was proper and will be affirmed.

A brief recitation of the relevant facts, as gleaned from the record, will aid in resolving the issues on appeal. Appellants and Vincent T. Fiato, appellee, were involved in a housebuilding venture. In February, 1981, a state district court found that a partnership existed between the appellants and appellee and ordered an accounting. Appellants appealed that decision to the New Mexico Supreme Court, where it is currently pending.

In October, 1980, the appellants initiated Chapter 13 proceedings in United States Bankruptcy Court. They submitted a plan to resolve their debts pursuant to 11 U.S.C. § 1321 (Supp. II 1978) on April 30, 1982.

A hearing on the plan was held before the bankruptcy judge on August 25, 1982. After listening to the parties discuss the relative merits of the plan, the judge suggested that, in light of the state court litigation, dismissal might be in the best interests of all parties concerned, especially the creditors. After a short recess the court allowed the parties to respond to the suggestion. Counsel for appellee supported the proposal, noting that he had sought dismissal of the proceedings twice before. Counsel for the appellants vigorously opposed the idea.

The court then found that the plan was defective in three respects and orally ordered dismissal of the proceedings. First, the court noted that the plan would violate the priority rights of the United States Internal Revenue Service ("IRS") by providing for full payment of certain unsecured trade creditors before the IRS was to be paid in full. This situation resulted primarily from the fact that the debtors' tax liability would be uncertain until the partnership dispute was resolved. Second, the debtors proposed to satisfy their creditors' claims out of a fund to which they did not have clear title. That is, the assets they proposed to use to pay off their debts were the very assets that were possibly subject to an accounting in state court as partnership assets, depending, of course, on the outcome of the appeal to the New Mexico Supreme Court. Third, the court criticized the plan

because it did not provide for the submission of future income as required by 11 U.S.C. § 1322(a)(1) (Supp. II 1978).

At a later hearing on October 13, 1982, the court ordered that these oral findings would supersede any findings and conclusions contained in the court's written order of dismissal dated September 13, 1982. This appeal ensued.

■ Appellants first argue that the bankruptcy court dismissed their Chapter 13 proceeding *sua sponte* and that it had no authority to do so. The relevant statutory provision, 11 U.S.C. § 1307(c) (Supp. II 1978), arguably requires that a party move for dismissal: "Except as required in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may ... dismiss a case under this chapter...." *Accord, In re Terry,* 630 F.2d 634, 636 n. 5 (5th Cir.1980) (dictum). Assuming *arguendo* that a party must move for dismissal, that requirement was met. Although the court suggested at the hearing that dismissal would be appropriate, by adopting that proposal later on in the hearing counsel for appellee effectively moved for dismissal. Moreover, although appellants did not raise this point, as these events transpired during a confirmation hearing the notice and hearing requirements of § 1307(c) were met also.

Appellants next contend that, even if the bankruptcy court had authority to dismiss their case, it erred in doing so because the proposed plan met the requirements at 11 U.S.C. § 1322(a) (Supp. II 1978). That section delineates the minimum required contents of a Chapter 13 plan.

■ The premise underlying this argument is that a bankruptcy court may dismiss a Chapter 13 proceeding only if it does not conform with the requirements of Section 1322(a). This premise is false. A bankruptcy court may dismiss a Chapter 13 proceeding for reasons other than the fact that the plan does not comply with section 1322(a). This is apparent from the language of section 1307(c), which allows the court to dismiss a proceeding *"for cause."*

(Emphasis added.) A non-exhaustive list of grounds which constitute "cause" follows this grant of authority, all of which concern problems other than § 1322(a) defects.

The bankruptcy court dismissed the proceedings for three reasons: it violated IRS priority rights; it proposed to use what are, at least currently, partnership assets to satisfy appellants' debts; and it did not provide for the submission of appellants' future income to satisfy creditors' claims. Appellants focus on only the third ground, and for that reason their appeal must fail. Accepting for purposes of this appeal their argument that debtors need not submit their future income where all of their debts will be paid out of existing funds, and that therefore the court below erred in citing this failure as a ground for dismissal, *see* 11 U.S.C. § 1322(a)(1) (Supp. II 1978) (Chapter 13 plan must provide "for submission of . . . [only] such portion of future earnings . . . as is necessary for the execution of the plan."), the court had additional "cause" to dismiss, and therefore the order will be affirmed.

 The greatest shortcoming of the plan in the eyes of the bankruptcy court was the fact that the appellants sought to satisfy their debts out of a fund which is currently the subject of litigation in state court. Counsel for both sides of the appeal have not cited any case law that addresses this particular fact situation. However, this Court concludes that, under these circumstances, the decision to dismiss was proper. Until appellants can approach the bankruptcy court with a plan that proposes to pay their debts with assets to which they have clear title, the court has cause to dismiss their case. *Cf. In re Gale,* 8 B.R. 960, 962–63 (Bkrtcy.D.Md.1981) (confirmation of Chapter 13 plan denied on grounds that payment of creditors was "conjectural at best").

Since the uncertainty surrounding the ownership of the assets constituted sufficient cause to dismiss, this Court need not address the third reason articulated by the bankruptcy court in dismissing, that the proposed plan violated creditors' priority rights.

In summary, the bankruptcy court possessed authority to dismiss appellants' Chapter 13 proceeding. Moreover, it did not err in dismissing the case, even though the plan may have satisfied the requirements of section 1322(a). Sufficient cause to dismiss existed in the fact that appellants did not clearly own the assets with which they proposed to satisfy their creditors. The bankruptcy court's dismissal is affirmed.