**FORESTRY PRODUCTS, INC., Plaintiff,**

v.

**Camille HOPE, Trustee, Defendant.**

**Civ. A. No. 82–209–2–MAC.
Bankruptcy No. 82–50211–MAC.**

United States District Court,
M.D. Georgia,
Macon Division.

Nov. 17, 1983.

L.Z. Dozier, Macon, Ga., for plaintiff. Camille Hope, Macon, Ga., for defendant.

OWENS, Chief Judge:

Forestry Products, Inc., a corporation doing business under the laws of Georgia, filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Standing Chapter 13 Trustee objected to confirmation of the plan, contending that relief under Chapter 13 is not available to corporate debtors. The Bankruptcy Court, by order dated April 30, 1982, upheld the objection, denied confirmation, and dismissed the case. The debtor then appealed to this court.

The Bankruptcy Code sets forth those debtors who may seek relief under Chapter 13:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). The Bankruptcy Court ruled that Chapter 13 relief is limited to "individuals," and that under the Code corporations are not individuals. While the court acknowledged that "individual" is not specifically defined in the Code, it noted that at least two sections demonstrate Congress did not intend "corporation" to be included within its definition. Section 101(30) of the Code states: " 'persons' includes individual, partnership, and corpora-

tion, but does not include governmental unit . . . ." The court reasoned that if "individual" included corporations, there would have been no need to use both terms in the definition of "person." Section 101(25) distinguishes between *individual* "insiders" (11 U.S.C. § 101(25)(A)) and *corporate* "insiders" (11 U.S.C. § 101(25)(B)). Again, if "individual" included "corporation" within its meaning, Congress would not have made the distinction.

The debtor-appellant argues that Chapter 13 relief was intended to be available to a business operating as a sole proprietorship where the requirements of Chapter 11 would be too cumbersome. The legislative history of Chapter 13 supports this proposition. *See,* 2 *Collier on Bankruptcy,* ¶ 109.05 at 109–20 (15th ed. 1979). The debtor argues that since it is a close corporation, owned exclusively by one person, it is no different from a sole proprietorship for purposes of Chapter 13 eligibility. The debtor argues that its creditors have not objected to Chapter 13 relief, nor would such relief burden the trustee. Additionally, the debtor argues that relief under Chapter 13 would be less cumbersome and less costly than under Chapter 11—a consideration approved by Congress with respect to sole proprietorships.

The court notes that this issue—the eligibility of corporations for Chapter 13 relief—has never been squarely addressed in a reported decision. The cases of *Associates Commercial Corp. v. Stevenson,* 28 B.R. 39, 40 (S.D.Miss.1983) and *In re Loughnane,* 28 B.R. 940 (Bkrtcy.D.Colo.1983) suggest by way of *dicta* that corporations are ineligible for relief under Chapter 13. While the Code does not define "individual," the distinctions between the Code's use of "individual," "corporation," and "person," as noted by the Bankruptcy Court and as discussed above, strongly suggests that corporations are not to be considered individuals, and only individuals may file under Chapter 13. Moreover, the legislative history of § 109(e) states that a partnership may not qualify for Chapter 13 relief since it is not an individual, but a "separate entity." H.R.

Rep. No. 95–595, 95th Cong., 1st Sess. 320 (1977), U.S.Code Cong. & Admin.News 1978, 5787. Certainly a corporation is also a "separate entity" within this particular congressional use of the phrase. Finally, while 11 U.S.C. § 1112(d) allows a case under Chapter 11 to be converted to a Chapter 13 case, subsection (e) of this same section dictates that such a conversion is possible only if the Chapter 11 debtor originally would have qualified as a debtor under Chapter 13. 11 U.S.C. § 1112(e). This limitation enforces the conclusion that Congress intended Chapter 13 to be available only to individuals, not the corporate debtor for which Chapter 11 primarily was designed. This court finds that as a matter of statutory construction a corporation is not an individual within the meaning of 11 U.S.C. § 109(e). Accordingly, the decision of the Bankruptcy Court is AFFIRMED.