**In the Matter of La CACHE LAND COMPANY, INC., Debtor.**

**Civ. A. No. 85–2022.**

United States District Court, E.D. Louisiana.

Nov. 14, 1985.

Emile L. Turner, Turner, Young & Hebbler, New Orleans, La., for La Cache Land Co., Inc.

C. Berwick Duval, II, Duval, Funderburk, Sundbery & Lovell, Houma, La., for Baton Rouge Production Credit Ass'n.

SEAR, District Judge.

## I.

Appellant, La Cache Land Company, Inc. (hereafter La Cache), the debtor in a Chapter 11 case, is a farmer. Appellee, Baton Rouge Production Credit Association (hereafter PCA), is a lending institution which makes loans to farmers. PCA made a loan to La Cache secured, *inter alia,* by 70 acres of property in Montegut, Louisiana.

On June 7, 1984, La Cache filed a voluntary petition for bankruptcy in the United States District Court for the Western District of Louisiana pursuant to Chapter 11 of the bankruptcy code. Case No. 484–00592–LO–11. On January 28, 1985, PCA brought a motion to dismiss or in the alternative for relief from the automatic stay provided by 11 U.S.C. § 362. On January 31, 1985, after finding that La Cache had violated his previous orders, the bankruptcy judge dismissed the petition with prejudice. On March 13, 1985, the bankruptcy judge denied appellant's motion for reconsideration. That decision was not appealed.

On May 8, 1985, PCA foreclosed on its security including the 70 acres of property in Montegut. A sheriff's sale was set for May 8, 1985.

On May 6, 1985, La Cache filed a new petition in bankruptcy in this district pursuant to Chapter 11 of the Bankruptcy Code. Case No. 85–00994–K. On May 7th, PCA's attorney telephoned the bankruptcy judge and told him of the prior dismissal in the Western District and of the scheduled sheriff's sale and requested relief from the automatic stay. The bankruptcy judge set an emergency hearing for May 8. The parties were notified by telephone on May 7. On May 8, PCA filed a motion to dismiss or in the alternative for relief from the automatic stay.

After the hearing, the bankruptcy judge ordered that the stay be lifted as to PCA because he found that La Cache was forum shopping in violation of the Bankruptcy Code, particularly section 109(f).

La Cache now appeals the bankruptcy judge's May 8th order. It argues that the bankruptcy judge was "clearly erroneous" under the standard for granting relief from the automatic stay in section 362(f) of the Code. Section 362(f) provides that:

(f) Upon request of a party in interest, the court with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

La Cache argues that the relief granted was not necessary to prevent "irreparable damage" to the appellee. It contends that PCA would have suffered no more damage than a two or three month delay of the sheriff's sale.

On the other hand, PCA argues that the bankruptcy judge was correct in granting relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or ...

PCA argues that there was "cause" for relief because the dismissal of appellant's previous Chapter 11 petition was res judicata. Appellee relies on *In Re Martin-Trigona*, 35 B.R. 596 (S.D.N.Y.1983), *In Re Jerry's Blue Room Lounge, Inc.*, 19 B.R. 963 (E.D.Pa.1982), and *In Re Petro*, 18 B.R. 566 (E.D.Pa.1982).

## II.

Section 109(f) of the Bankruptcy Code provides that:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

This section prohibits an individual who has previously been a debtor from re-filing a bankruptcy petition in the prescribed circumstances. It makes no reference to corporations. If the section applies to corporate debtors, it can only be because "individual" includes corporations.

■ The Bankruptcy Code does not define "individual". It does, however, define "person". Section 101(33) states " 'person' includes individual, partnership and corporation." If "individual" included corporation, there would be no need to specify them both in defining person. Similarly, section 101(28) distinguishes between insiders who are individuals and those who are corporations. Furthermore, it has been determined that, in section 109(e), individuals who may proceed under Chapter 13 do not include corporations. *Forestry Products, Inc. v. Hope*, 34 B.R. 753 (M.D.Ga.1983). I therefore conclude that "individual" as used in section 109(f) does not include corporations like the appellant.

■ The record contains no other reason why appellant may not file this bankruptcy petition and afford itself of an automatic stay. Nor does it contain any other reason why appellee is entitled to relief from the stay. The cases appellee relies on to argue that the dismissal of appellant's previous petition is res judicata are inapposite. *In Re Martin-Trigona, supra,* and *In Re Petro, supra,* involved dismissals of Chapter 13 proceedings of individual debtors. *In Re Jerry's Blue Room Lounge, Inc., supra,* involved a dismissal against an ex-shareholder who was not entitled to file for bankruptcy on behalf of the corporate debtor.

Accordingly, the order of the bankruptcy judge is VACATED.