In re EDGEHILL NURSING
HOME, INC., Debtor.

JMF ACQUISITIONS CO., Plaintiff,

v.

Fred V. BOCCELLA, Defendant.

Bankruptcy No. 85–03690G.
Adv. No. 86–0495G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 31, 1986.

414

W. Thomas Berriman, Leonard P. Goldberger, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for plaintiff, JMF Acquisitions Co.

Lawrence F. Flick, Norristown, Pa., for defendant, Fred V. Boccella.

Walter B. Dunsmore, Lansdale, Pa., for debtor, Edgehill Nursing Home, Inc.

Marvin Krasny, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Official Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issues for consideration are whether the defendant, Fred V. Boccella ("Boccella"), should be held in contempt for his delay in complying with the terms of our May 5, 1986, order which authorized the sale of the assets of the debtor, Edgehill Nursing Home, Inc. ("Edgehill"), and whether Boccella's appeal of said order was filed in bad faith. For the reasons set forth below, we find that Boccella was in contempt for his refusal to comply with our order but that his appeal was not filed in bad faith, and therefore we will reduce the requested sanction from $5,768.00 to $500.00.

The facts of this case are as follows: [1] In April, 1986, the plaintiff, JMF Acquisitions Co. ("JMF"), was the successful purchaser of a sixty-bed nursing home facility from

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Edgehill, and Boccella controlled Edgehill as its sole officer, director, and shareholder. On May 8, 1986, we entered an order authorizing the sale of the home to JMF pursuant to an agreement of sale. The order states in pertinent part:

ORDERED, that Edgehill be and is hereby authorized and directed to sell and/or assign the assets to JMF Acquisitions Co. substantially upon the terms and conditions of the agreement; and it is further

.    .    .    .    .

ORDERED that Edgehill, its officers and directors be and are hereby authorized and directed to execute, assume, assign and deliver all contracts, leases, agreements, assignments, conveyances or other documents necessary to consummate the sale of the assets, and to take such other actions as may be necessary to perform the terms and provisions of the Agreement; ...

On or about May 16, 1986, Boccella appealed the aforementioned order but never filed a Designation of Contents and Statement of Issues pursuant to Bankruptcy Rule 8006. Moreover, Boccella failed to obtain a stay of our order pending appeal as required by § 363(m) of the Bankruptcy Code ("the Code"), and eventually the appeal was dismissed for failure to prosecute. Boccella stated that he never prosecuted the appeal because of the financial hardship in posting the requisite bond, and because he did not want to interfere with the welfare of the patients in the nursing home.

On June 5, 1986, in order to enforce its rights pursuant to our May, 1986 order, JMF filed a motion for a preliminary mandatory injunction to direct Boccella to comply with the order. During the hearing on the matter, we directed the defendant to sign the Sales Agreement and he complied. Boccella stated that his reasons for the delay were that he was unable to obtain legal advice concerning certain warranties and he needed to obtain clarification before he would sign the agreement.

JMF has now requested that we find Boccella in contempt for his delay in signing the order and that we find that the aforementioned appeal was filed in bad faith. Counsel for JMF requests that we sanction Boccella for legal fees incurred in the amount of $5,768.00.

█ The civil contempt power of the Bankruptcy Court is derived from 11 U.S.C. § 105(a) which enables the court to issue orders necessary to carry out the provisions of the Code. *In re Damon*, 40 B.R. 367, 374 (Bankr.S.D.N.Y.1984). *See also 2 Collier on Bankruptcy*, § 105.03 (15th ed. 1986). Before a party can be in contempt of court, there must be a specific and definite order of the court which the party has violated, and the party must have had actual knowledge of that order. *In re Petro*, 18 B.R. 566, 568 (Bankr.E.D.Pa. 1982) (citing *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *United States v. Christie Industries, Inc.*, 465 F.2d 1002 (3d Cir.1972)). Willfulness is not required, and intent is irrelevant because of the remedial and coercive nature of civil contempt. *Damon, supra* at 374; *Petro, supra* at 569.

█ In the case at bench, Boccella stated that his failure to comply with the order was due to his confusion about certain warranties contained in the sales agreement. However, Boccella's intentions, although not made in bad faith, are not valid defenses to civil contempt because willfulness is irrelevant. Boccella's conduct is nonetheless contemptuous because it is clear that he knew about the order and what it required, but nevertheless failed to comply with it. Furthermore, with respect to Boccella's appeal, even if it was filed in good faith it did not excuse his non-compliance. Absent a court-obtained stay, one who is ordered to perform an act must comply *promptly* with the order. *Petro, supra* at 568 (citing *Maness v. Meyers*, 419 U.S. 449, 458, 95 S.Ct. 584, 590, 42 L.Ed.2d 574 (1975); *United States v. Stine*, 646 F.2d 839, 845 (3d Cir.1981). In the case at

bench, although the defendant appealed, he failed to request a stay, and again his intentions for doing so are irrelevant.

 Finally, Boccella argues that the order was not specific in that it did not set forth a date upon which the agreement had to be signed. Therefore, he contends that his delay in signing the agreement did not constitute contempt. However, even assuming without conceding that the order was unclear, the absence of a specific date in the order is not sufficient justification for Boccella's actions. The language of the order was implicit in directing that the sales agreement be signed forthwith. Furthermore, a party cannot disobey an order and later attempt to assert the invalidity of the order as a defense to contempt. *Petro, supra* at 568. Even if an order is later determined to have been incorrect, or even unconstitutional, defiance of an order prior to a judicial determination of its invalidity will nevertheless constitute contempt. *Id.* at 569 (citing *United States v. Stine,* 646 F.2d 839, 845 (3d Cir.1981)). As such, Boccella's argument that the order was silent as to the specific date upon which the contract was to be executed is without merit. Accordingly, we find that Boccella was in contempt for his refusal to comply with our order and he will be sanctioned for attorney's fees in the amount of $500.00. We find this amount to be reasonable in light of the time spent in preparation for the instant proceedings. *See generally In re Woerner,* 67 B.R. 685, (E.D.Pa.1986).

Although we do find Boccella in contempt, we disagree with JMF's assertion that the defendant filed a bad faith appeal under Bankruptcy Rule 9011 for the purpose of delaying the sale of the debtor's assets. Bankruptcy Rule 9011 requires the imposition of sanctions when the document in question is not, after reasonable inquiry, well grounded in fact or law; and when it is interposed for *any* improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. (emphasis added). Here, there has been no showing that the appeal was not well grounded in fact of law or that the appeal was filed in order to delay the proceedings. Boccella failed to prosecute the appeal due to financial hardship, and his failure to timely withdraw the appeal was due to his belief that the appeal was rendered moot as of June 5, 1986, when this court directed him to sign the agreement. The evidence shows that Boccella at all times intended to sign the agreement but that he simply needed clarification with regard to certain matters. As such, Boccella's conduct clearly did not approach the level of bad faith contemplated under Bankruptcy Rule 9011.