**In re EUERLE FARMS, INC., Debtor.**

**EUERLE FARMS, INC., Appellant,**

v.

**STATE BANK IN EDEN VALLEY,
Thomas G. Lovette, Jr., Standing Trustee and Wesley B. Husinga, Acting U.S. Trustee, Appellees.**

No. 88–5078.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1988.
Decided Nov. 29, 1988.

John E. Mack, New London, Minn., for appellant.

C. Thomas Wilson, New Ulm, Minn., for appellees.

Before ARNOLD and MAGILL Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Euerle Farms, Inc. (debtor) appeals the district court's affirmance of the bankruptcy court's dismissal of its Chapter 12 bankruptcy petition. We affirm on the basis that the debtor's second amended plan was not workable.

Debtor is a farming corporation incorporated in 1976. At that time, president Gerald Euerle owned fifty-one percent of the

stock and his sister-in-law, Dorothy Euerle, owned forty-nine percent. In 1981, the corporation began to suffer financial losses in operations and ultimately filed a Chapter 12 petition dated June 29, 1987. Tax returns showed tax losses in excess of $185,000 in 1980, $171,000 in 1981, $46,000 in 1982, and $105,000 in 1983. Returns for the 1984 and 1985 tax years were not filed, but no evidence of profitable operation during these years was provided by debtor. The petition showed assets valued at $857,062; liabilities at $1,450,350.

Over one year before that filing, in April 1986, the corporation had transferred 100 acres of land to Dorothy Euerle and 80 acres to Gerald and Audrey Euerle (husband and wife). The transfers were made without consideration by quitclaim deed. The parcels were free of debts or other encumbrances and were worth an estimated $126,000. Sometime in May 1987, Gerald became the sole shareholder of the corporation and the bankruptcy filing followed.

With regard to provisions for creditors, debtor's second amended plan included yearly payments to five creditors with balloon payments totalling $206,823.44 due on December 30, 1992.

The plan was objected to by secured creditor State Bank in Eden Valley. The bankruptcy court refused to confirm the plan after finding bad faith on the part of debtor. This finding was made on the basis of the 1986 transfers, inadequate valuations as to claims, and the fact that balloon payments coming due would not likely be met by debtor. Expressly, the bankruptcy court made the following findings:

> Debtor has not sustained its burden of proof to demonstrate that it has the capability of making proposed payments due under the Second Amended Plan. The lack of profitability, as hereinabove described, together with the lack of supporting data for the projections of both income and expense make the numbers so unreliable as to be baseless. These projections are wholly inadequate to serve as grounds for confirming a Chapter 12 Plan of Reorganization.

> The Debtor's proposed payment plan contemplates balloon payments to nearly every creditor at the end of a series of annual, periodic payments. The Debtor has not established that if the Second Amended Plan were approved, there would likely be no further need for reorganization. To the contrary, with the type of payment schedule proposed by the Debtor, where essentially all debts balloon at a later date, on its face the Plan would likely result in further reorganization being necessary when the balloon payments came due.

Upon de novo review, the district court[1] affirmed denial of confirmation in all respects. State Bank then moved to dismiss the bankruptcy petition. The bankruptcy court ordered the case dismissed and its order was again affirmed on appeal to the district court. On appeal to this court, debtor challenges the bankruptcy court's dismissal of its petition.

When a district court reviews a bankruptcy court's judgment, it acts as an appellate court. As with most appellate proceedings, the district court may review the bankruptcy court's legal conclusions de novo, but the bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Bankr.R. 8013; *see, e.g., In re Hunter,* 771 F.2d 1126, 1129 n. 3 (8th Cir. 1985); *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985). Furthermore, the district court may not make its own independent factual findings.

In reviewing a district court's affirmance of a bankruptcy court's order, we sit in the same position as did the district court. *In re Global Western Development Corp.,* 759 F.2d 724, 726 (9th Cir.1985). In reviewing the bankruptcy court's decision, we apply a de novo standard to any legal conclusions reached by that court. *Clay v. Traders Bank of Kansas City,* 708 F.2d 1347, 1350 (8th Cir.1983). In essence then, we

---

**1.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

conduct an independent review of the bankruptcy court's judgment, determining whether the bankruptcy court's legal conclusions are correct and whether its factual findings are clearly erroneous. *See, e.g., Clay, supra*, 708 F.2d at 1350–51; *In re Burley*, 738 F.2d 981, 986 (9th Cir.1984).

 The bankruptcy court dismissed the case pursuant to 11 U.S.C. § 1208(c).[2] The court based its ruling in part on the debtor's bad faith in conveying the 180 acres of unencumbered real estate to corporate insiders. The court also noted that the debtor's income and expense projections presented were so inconsistent with past performance to indicate no possibility that the projections would be met. Thus the debtor was incapable of effectuating a plan as the case included balloon payments to nearly every creditor at the end of a series of annual, periodic payments and further reorganization would most likely be required. Although this reason for dismissal is not expressly listed in 11 U.S.C. § 1208(c), inequities existed to find "cause" sufficient for dismissal under the section. We note that a multiplicity of factors may be considered in the aggregate to meet the cause requirement of the section. *Cf. In re Petro*, 18 B.R. 566, 570 (Bankr.E.D.Pa. 1982); *Kantak v. Fiato*, 29 B.R. 44, 45–46 (D.N.M.1983).

Here, debtor's petition was filed after several years of operational losses. The petition followed the foreclosure sale of approximately 980 acres of debtor's property. Further, grain trucks and pickup trucks, as well as other farm machinery and equipment, were to be liquidated under the plan, yet future income for 1987 was projected at $71,600. Projected yearly income for 1988 and other out years was $170,200.

The bankruptcy court found that these figures would not provide a basis for any realistic expectation of production when compared to actual operation in the past. Thus it was unrealistic to expect that debtor would be in a financial condition sufficient to permit payments under the plan from future income. The creditors had no more than an uncertain prospect that the plan would ever result in payment on their claims.

Cause for dismissal has been found in similar situations: *In re Stoffel*, 41 B.R. 390 (Bankr.D.Minn.1984) (grain farming plan did not meet feasibility requirement as it was apparent that plan would never generate sufficient income to meet payment of debts); *In re Anderson*, 52 B.R. 159 (Bankr.D.N.D.1985), (farmer experienced historical average net loss of $5,000 per year and did not explain projected increase in yield and decrease in expenses); *In re Fredrickson*, 5 B.R. 199 (Bankr.M.D.Fla. 1980) (debtor would not be able to make regular monthly payments called for by the plan where debts totalled over $80,000, yet schedules showed but $3,200 worth of property); *In re Hoff*, 54 B.R. 746 (Bankr.D.N. D.1985) (debtors did not have gross income capabilities within their farm and ranch operation to propose feasible plan of reorganization).

The bankruptcy court correctly denied confirmation in concluding that debtor's plan of reorganization had not been proposed in good faith as required by 11 U.S. C. § 1225(a)(3) and that debtor had not established it would be able to make payments under the plan and comply with the

---

**2.** Section 1208(c) provides in full:

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1221 of this title;

(4) failure to commence making timely payments required by a confirmed plan;

(5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1230 of this title, and denial of confirmation of a modified plan under section 1229 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; or

(9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

plan as required by 11 U.S.C. § 1225(a)(6). The case was dismissed although an appeal on the "bad faith" finding was pending at the district court level. The bankruptcy court held that because no request for a stay had been made, it maintained authority to dismiss. No amended plan had been filed and no request made for additional time to file an amended plan, although ten days had elapsed since the denial of confirmation.

The filing of a bankruptcy petition without the intent or ability to properly reorganize is an abuse of the Bankruptcy Code and renders the petition subject to dismissal. *In re Turner,* 71 B.R. 120, 123 (Bankr.D.Mont.1987). Here, debtor proposed only a problematic and unconfirmable plan from which payment of creditors was conjectural at best.

Without addressing or ruling on the propriety of the 1986 transfers of property, we reach the same result as did the bankruptcy court under the facts and circumstances of this case. The bankruptcy court did not err in concluding that the "income and expense projections * * * show[ed] it [was] not realistic to believe that the Debtor [was] capable of effectuating a plan" and in dismissing the case.