GARZA, Circuit Judge:
Counsel for general partner and limited partners in bankruptcy proceedings was disqualified for conflict of interest. Because we find that the representation presented a definite potential for conflict, we AFFIRM the disqualification.
*884 FACTS
St. Clair Newbern, III, an attorney, represented Westover Valley, Ltd., Lackland Court Apartments, Ltd., and Golf Hills Apartments, Ltd., in their 1987 bankruptcy proceedings. The Debtors filed Applications to Employ Counsel, seeking court approval to employ him, for each action and served them on the United States Trustee; the court initially approved the employment. Then, in December, 1987, W.F. Development filed for bankruptcy protection, and again the Debtor applied to employ Newbern as counsel. But here Newbern notified the court that Westover, Lackland and Golf Hills were W.F. Development’s limited partners. At this point, the U.S. Trustee objected to Newbern’s employment and the court set aside its earlier approval.
After full hearings on the objection, the bankruptcy court disqualified Newbern from representing W.F. Development “out of an abundance of precaution.” Though there had been no objection to Newbern’s representing the limited partners, the court also disqualified Newbern from that representation. The district court affirmed the disqualifications and ordered disgorgement of fees. This appeal followed.
DISCUSSION
1. Disqualification
An attorney in a bankruptcy action must “not hold or represent an interest adverse to the estate” and must be “disinterested.” 11 U.S.C. § 327(a). An attorney in “disinterested” when he “does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to ... the debtor ... or for any other reason.” 11 U.S.C. § 101(13)(E).
In a bankruptcy proceeding, limited and general partners do hold materially adverse positions. A non-debtor general partner’s assets will often be tapped to cover deficiencies in the limited partner’s estate. 11 U.S.C. § 723(b). So, the bankruptcy court held, “out of an abundance of precaution,” that Newbern ought to be disqualified from representing both sets of partners. We agree and adopt here a clear rule. When one attorney represents both limited and general partners in bankruptcy, there will always be a potential for conflict, and disqualification is proper. Accord, In re McKinney Ranch Assoc., 62 B.R. 249, 255 (Bankr.C.D.Cal.1986) (representation of general partner “will always disqualify” attorney from representing limited partner); In re Kendavis Industries International, Inc., 91 B.R. 742, 754 (Bankr.N.D.Tex.1988) (dual representation presents an actual conflict).
Newbern argues that the court below should have held a full evidentiary hearing and made a “painstaking analysis of the facts and precise application of precedent,” Matter of Consolidated Bancshares, 785 F.2d 1249, 1256 (5th Cir.1986), to determine whether there exists a real and specific conflict “factually substantiated on the evidentiary record.” In re Global Marine, 108 B.R. 998 (Bankr.S.D.Tex.1987). But that type of hearing is not necessary in a limited/general partnership conflict. Because potential for conflict will always exist in this type of case, we will not ask a lower court to jump through hoops superfluous to the issue. We affirm the disqualification.
2. Findings of Fact
Newbern also argues that the court below erred in failing to make specific findings of fact when requested, and asks that the case be remanded so the court can make those findings. “Normally when a trial court fails to make findings and an appeal is taken, the appellate court will vacate the judgment and remand the action for appropriate findings_ [But, a] complete lack of findings does not necessarily require a reversal of the judgment if a full understanding of the issues on appeal can nevertheless be determined by the appellate court.” In re Texas Extrusion Corp., 836 F.2d 217, 221 (5th Cir.1988), cert. denied, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).
Because this case is not fact specific — a potential for conflict would arise in any *885 case of such dual representation — we have a full understanding of the issues on appeal even absent findings of fact. We therefore affirm on this issue.
3. Due Process
The U.S. Trustee had objected only to Newbern’s representation of the general partner, but the bankruptcy court, sua sponte, disqualified Newbern also from representing the limited partners. Newbern argues that disqualification denied him due process, as he had no notice or opportunity to be heard. Notice, to satisfy due process, must be reasonably calculated to inform parties of any proceedings which may affect them. North Alabama Express v. U.S., 585 F.2d 783, 786 (5th Cir.1978); Mobil Exploration and Producing N.A. v. Federal Energy Regulatory Comm., 881 F.2d 193, 199 (5th Cir.1989). Due process does not require notice of all possible ramifications of a hearing. In re Petro, 18 B.R. 566, 569 (Bankr.E.D.Pa.1982).
Newbern had notice that the Trustee objected to his representing the general partner, and had a full hearing on that issue. That notice and hearing satisfy his due process rights as to representation of the limited partners.
For this reason and those stated above, the judgment of the district court is in all things AFFIRMED.