ON MOTION TO LIFT STAY

FARMER, Judge.
When appellant Eric Ronkin filed for relief under chapter 13 of the Bankruptcy Code, appellee Barnett Bank moved for relief from the automatic stay[1] so that this appeal could proceed as to appellant Xenon Educational Systems, Inc. Xenon objects to our granting such stay relief, arguing that section 1301 of the Bankruptcy Code[2] extends the automatic stay to actions against a co-debtor. We disagree.
Section 1301(a) provides in pertinent part as follows:
“Except as provided in subsections (b) and (e) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor_” [e.s.]
It will be seen that the stay is effective in favor of a co-debtor who is an individual. The question presented is whether Xenon Educational Systems, which is described as being a Florida corporation, is an individual within the meaning of section 1301. We think not.
On an appeal from a decision of the Bankruptcy Court to the United States District Court, the issue of the meaning of the statutory term “individual” was raised by the parties, and the court held:
‘While the Code does not define ‘individual,’ the distinctions between the Code’s use of ‘individual,’ ‘corporation,’ and ‘person,’ ... strongly suggests that corporations are not to be considered individuals, and only individuals may file under Chapter 13. Moreover, the legislative history of § 109(e) states that a partnership may not qualify for Chapter 13 relief since it is not an individual, but a ‘separate entity.’ ... Certainly a corporation is also a ‘separate entity’ within this particular congressional use of the phrase.”
Forestry Products Inc. v. Hope, 34 B.R. 753, 754 (M.D.Ga.1983). We accept this holding as authoritative.
Accordingly, we lift our stay of these appellate proceedings as to appellant Xenon Educational Systems, Inc., and modify the time requirements for prosecution of the appeal to run from today’s decision. The stay of section 362 continues, of course, as to appellant Eric Ronkin, the chapter 13 debtor.
GUNTHER, C.J., and POLEN, J., concur.

. 11 U.S.C. § 362.

. ll U.S.C. § 1301