**In re Alfred Charles GOMES, Debtor.**

**Bankruptcy No. 8100106.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 6, 1983.

---

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

John V. McCloskey, Providence, R.I., for debtor.

Arthur M. Read, II, Gorham & Gorham, Providence, R.I., for Mary E. Fawthrop.

Michael J. Murray, Gardner, Sawyer, Gates & Sloan, Providence, R.I., for Fleet Nat. Bank.

## FINDINGS AND CONCLUSIONS IN SUPPORT OF ORDER CONVERTING CHAPTER 13 CASE TO ONE UNDER CHAPTER 7

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's motion to convert the debtor's Chapter 13 case to one under Chapter 7 pursuant to 11 U.S.C. § 1307(c).[1] On November 18, 1982 the Court entered an order converting the case, and the debtor appealed said order to the Bankruptcy Appellate Panel. Because the November 18, 1982, order was not accompanied by formal findings of facts and conclusions of law, for the purpose of completing the record on appeal, they appear below.[2]

A recital of the complete travel of this case is most relevant to the Court's decision to enter the order of conversion.[3] The debtor filed his Chapter 13 petition on February 19, 1981. A confirmation hearing was first held on April 2, 1981, but because of the debtor's request to amend the plan, together with insurance problems with his real estate, the confirmation hearing was continued three more times before the Court finally authorized an order of confirmation to be entered on June 24, 1981.[4] On October 15, 1981 the Trustee filed a motion to convert the case "on the grounds that there has been unreasonable delay by the debtor that is prejudicial to creditors." A hearing was held on the Trustee's motion on November 18, 1981, but that hearing was continued to permit the debtor to present an amended plan, based on his projections concerning future construction contracts. At a continued hearing on November 25, 1981 the Trustee agreed to the amended

---

1. (c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

  (1) unreasonable delay by the debtor that is prejudicial to creditors;

  (2) nonpayment of any fees and charges required under chapter 123 of title 28;

  (3) failure to file a plan timely under section 1321 of this title;

  (4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;

  (5) material default by the debtor with respect to a term of a confirmed plan;

  (6) revocation of the order of confirmation under section 1330 of this title, and denial of

confirmation of a modified plan under section 1329 of this title; and

  (7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

3. The docketed travel tells only part of the entire story. Unrecorded, but very much a part of this case, are numerous office conferences conducted at great length, requiring the repeated attendance of counsel, with resulting legal expense to creditors attempting to have their rights determined.

4. No order of confirmation was entered because the Trustee, apparently through oversight, did not present one to the Court.

plan, but reserved the right to move again for conversion in the event of yet another default by the debtor. The amended plan was confirmed on December 17, 1981.

 On January 12, 1982 Mary Fawthrop, a creditor, filed a motion to convert because of her failure to receive payments both within and outside the plan. A hearing was held on February 25, 1982 at which the debtor promised again that he would try to make payments according to the plan. Due to the many previous hearings and continuances accorded the debtor, and problems with non-payment, on March 8, 1982 the Court entered a self-executing order providing for automatic conversion upon default by Mr. Gomes. This is a procedure rarely approved by this Court, but clearly warranted in the circumstances of this case.

Again on May 3, 1982 Mary Fawthrop filed a motion to convert because of the debtor's failure to meet scheduled payments. The Trustee appeared at the hearing on the motion on May 20 and stated that he intended to file an affidavit to the effect that payments had been missed, triggering the automatic conversion authorized by the March 8 order. The affidavit was filed and another hearing was held on June 15, 1982. At that time, notwithstanding the March 8 order, the hearing was continued at the debtor's request, because he was now represented by new counsel. At the continued hearing the Trustee agreed to an order skipping one month's payment (this was after testimony by the debtor asserting confusion as to the amount of the June payment), but keeping the March 8 automatic conversion order in effect. Finally, on November 18, 1982 Fleet National Bank, another creditor, filed a motion to convert.[5]

11 U.S.C. § 1307(c) provides that on request of a party in interest, and after notice and hearing, the Court may convert a case under Chapter 13 to one under Chapter 7 for cause, including "unreasonable delay by the debtor which is prejudicial to creditors" and "material default by the debtor with respect to a term of a confirmed plan." Based on the travel of this case and the Court's numerous opportunities to see and hear the debtor, the order of conversion was belatedly entered for both of the above reasons. *See In re Petro,* 18 B.R. 566 (Bkrtcy.E.D.Pa.1982); *In re Llorente,* 9 B.R. 78 (Bkrtcy.S.D.Fla.1981).

 This case was filed almost two years ago, on February 19, 1981. Ten months elapsed before a plan was confirmed. Although the delay at that point was such that a conversion could have been ordered, the Trustee withdrew his motion in order to give the debtor "another chance" to pay creditors through a plan.

After the plan was finally confirmed, the debtor defaulted in payments not once, but several times. Although the Code permits conversion after a material default, here, based on repeated and impassioned requests by the debtor, he was allowed to continue in Chapter 13 *through six more hearings.* Notwithstanding Mr. Gomes' alleged desire to pay his creditors, the docket reflects that he has been afforded far too many opportunities to achieve that goal through a Chapter 13 proceeding. It would add insult to the injury already suffered by creditors to allow this case, with its long history of defaults, to continue any longer.

Mr. Gomes long ago exhausted all of the equitable arguments in support of his representations that he will pay his creditors if just given time. Once the true effect of the debtor's repeated assertions that his requests for time were "in behalf of creditors" became apparent, an enormous injustice had been done to creditors, secured and unsecured alike, in the name of giving a self-styled, earnest debtor the benefit of doubt after doubt. For this, the Court apologizes to the affected creditors.

---

5. This motion was not considered because on that date the Court acted in accordance with its previous order providing for automatic conversion upon default by the Debtor.