**In re Alfred Charles GOMES, Debtor.**

**Bankruptcy No. 8100106.**

United States Bankruptcy Court,
D. Rhode Island.

July 8, 1986.

See also, Bkrtcy., 19 B.R. 9.

---

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

John V. McCloskey, McCloskey, Meegan & Redihan, Providence, R.I., for debtor.

Arthur M. Read, II, Gorham & Gorham, Providence, R.I., for Mary E. Angotti.

Michael J. Murray, Gardner, Sawyer, Gates & Sloan, Providence, R.I., for Fleet Nat. Bank.

## SUPPLEMENTAL FINDINGS ON APPEAL

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On remand from the United States District Court for the District of Rhode Island.

This case, which has developed into a classic example of how creditors may be abused through manipulation of the judicial process, was commenced by the filing of a Chapter 13 petition by Alfred Gomes in February 1981. After hearing on a motion to convert filed by a secured creditor, Mary Angotti (formerly Mary Fawthrop and also the former wife of the debtor), and in light of Mr. Gomes' lack of credibility and consistently poor track record before this Court, an order was entered on March 8, 1982, providing, inter alia, that

[i]n the event that any payment due to the trustee is not paid on or before the exact date it is due, the case is automatically converted to one under Chapter 7 of the Bankruptcy Code and the trustee is ordered to immediately submit to the Court an Order providing for the conversion of the case.[1]

Predictably, the debtor defaulted, and pursuant to the above order the case was converted to Chapter 7 on November 18, 1982. Because the debtor appealed,[2] we issued formal Findings of Fact and Conclusions of Law, dated January 6, 1983, 26 B.R. 124 (Bankr.R.I.) (Exhibit 1, attached), setting forth the grounds for conversion under 11 U.S.C. § 1307(c).[3] On January 20,

---

1. As is probably apparent in the language of the order, Mr. Gomes has managed to discredit himself completely in matters of responsibility and/or credibility.

2. The debtor's appeal of our order of conversion was transferred to the District Court on March 6, 1984, after the Bankruptcy Appellate Panel's ruling that it was constitutionally deprived of jurisdiction to hear bankruptcy appeals. *See Commonwealth of Massachusetts v. Dartmouth House Nursing Home, Inc. (In re Dartmouth House Nursing Home, Inc.)*, 30 B.R. 56 (B.A.P.

1st Cir.1983), *vacated,* 726 F.2d 26 (1st Cir. 1984).

3. § 1307. Conversion or dismissal

(c) [O]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

1983, we granted the debtor's motion for stay pending appeal. *See* Bankruptcy Rule 8005.

On December 21, 1984, Chief Judge Francis J. Boyle vacated the stay we had ordered pending appeal, and remanded the matter to the Bankruptcy Court "for further proceedings to establish a record" (C.A. No. 84–0114B). In January 1985, shortly after the District Court lifted the stay, Mary Angotti purchased the debtor's residence (206 North Road, South Kingstown, Rhode Island) at a foreclosure sale instituted and conducted by Fleet National Bank.[4]

Proceeding according to what we understood to be Judge Boyle's remand instructions, a hearing was held on January 9, 1985, to establish a record for review. On February 21, 1985, a transcript of that hearing was forwarded to the District Court, together with the remainder of the record. The matter was again remanded to this Court by Judge Boyle, who entered the following order on July 26, 1985:

> Upon review of the appellate record this matter is remanded to the Bankruptcy Court for a determination of the issues presently pending including the arguments presented to this Court that this bankruptcy has been illegally converted....

> This Court's Order of December 21, 1984 is amended to correctly reflect the action taken by this Court, that is a remand to the Bankruptcy Court to "get the record straightened out," and not for the purpose of "establish(ing) a record."

After remand, the possibility of settlement was raised by counsel at a status conference in August 1985, and negotiations followed. It soon became apparent that the dispute could not be resolved by agreement, and we determined that the prudent course would be to reconsider and to hear arguments anew as to the propriety of our November 18, 1982 order of conversion, which is the subject of Mr. Gomes' appeal. Following that hearing, on October 22, 1985, the debtor was granted leave (with the consent of the trustee) to file yet another amended plan, with updated schedules, after which the feasibility of proceeding under Chapter 13 would *again* be considered. The plan (Exhibit 2, attached), filed on October 31, 1985, proposed to pay creditors 100% over four years, but omitted to state that the plan was contingent upon: 1) voiding the January 1985 foreclosure sale, 2) dispossessing the present owners and occupants, and 3) bringing the property back into the estate. When that (not previously disclosed) contingency was announced by debtor's counsel at a hearing on November 1, 1985, the trustee objected and renewed his argument in favor of enforcement of the conversion order. The matter was then taken under advisement.

 The debtor contends that the broad grant of authority in 11 U.S.C. § 105(a)[5] requires us to vacate the order of conversion, and to return the parties "to the position that [they occupied] prior to termination of the automatic stay by the United States District Court." He also maintains

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; or

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan.

4. The property, which was purchased by Ms. Angotti at foreclosure, was subsequently sold to Frank and Jane Budnick, who are complete strangers to this proceeding, and bona fide purchasers of the property in question.

5. § 105. Power of court

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

that "the Court ... has the authority to treat the [foreclosure by Fleet] as a postpetition transfer and to avoid the preference gained by Fleet ... [under] 11 U.S.C. § 549." Debtor's Memorandum at 2, 3. In several respects, the debtor's suggestion is preposterous, beginning with the fact that the foreclosure sale was conducted subsequent to the entry of Chief Judge Boyle's order vacating the stay.[6] Secondly, and forgetting for the moment the total lack of merit in debtor's argument, he has taken none of the necessary procedural steps to obtain the relief which he seeks—complaints against the Bank, Angotti, and the present owners would have to be brought, before the bizarre relief which debtor requests would even be before the Court. But this debtor continues to dispense with such formalities.

■ Even if we were being asked to reconsider an order that this Court was capable of reviewing, we would hold that "[t]he necessity for conserving the integrity of sales conducted pursuant to orders of this Court and the District Court dictates that the debtor cannot now ... vacate the foreclosure sale." Trustee's Memorandum at 2. *See Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1, 4 (1st Cir.1981). *See also* Advisory Committee Note to Bankruptcy Rule 8005 ("unless an order approving a sale of property ... is stayed pending appeal, the sale of property to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal"). Because the foreclosure sale was conducted subsequent to Judge Boyle's unappealed December 21 order, the relief requested by the debtor is not authorized under 11 U.S.C. § 549[7] or any other provision of the Code,[8] and this

Court, especially, is not authorized to fashion any new substantive rights for the debtor under § 105(a). In other words, to grant the relief sought by the debtor would require the Bankruptcy Court to reverse the District Court. Based upon all of the foregoing reasons, as well as the entire, tortured record in this case (*see* Exhibit 3, docket sheet attached), the debtor's request that he be allowed to proceed under Chapter 13, which request is contingent upon voiding a January 1985 foreclosure sale, is denied, with prejudice, as is confirmation of Mr. Gomes' latest proposed plan.

■ The Findings of Fact and Conclusions of Law, dated January 6, 1983, contain our reasons for providing for automatic conversion. Our rationale for ordering conversion in 1982 is still valid, and we have heard nothing in the interim from the debtor to suggest that a different result should obtain today. We emphasize that the debtor had exhausted all of his remedies and opportunities to avail himself of the benefits of Chapter 13 as far back as 1982 (when the case was converted) largely through his blatant lack of good faith, and his delaying tactics, which we found to be a clear abuse of the judicial process. Material default by the debtor with respect to a term of a confirmed plan (nonpayment) was also cited, as a less subjective ground for conversion. With hindsight, it is no exaggeration to state that in eighteen years on this bench we have seen no case where the debtor has received more consideration and/or time within which to do a plan, or where conversion was as clearly warranted.

■ In this same regard, we reject Mr. Gomes' argument that conversion was illegal because it was accomplished by

---

**6.** The trustee points out that Judge Boyle denied the debtor's requests for rehearing and for a temporary restraining order, and that the debtor did not appeal those orders. *See* Trustee's Memorandum of Law at 1.

**7.** § 549. Postpetition transactions
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) made after the commencement of the case, and
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
(B) that is not authorized under this title or *by the court* (emphasis added).

**8.** There is no evidence or cause for inference that Mary Angotti purchased the subject property at other than a regularly-conducted, noncollusive foreclosure sale.

means of a "self-executing order." The order of conversion was entered only after Gomes had been given every opportunity to continue in Chapter 13 (he had previously failed to comply with an earlier order expressly requiring conversion in the event of nonpayment). Under the circumstances, with the debtor having been granted hearing after hearing, it cannot sensibly be argued that the case was automatically converted *without due process*. By the time this case was finally converted, Mr. Gomes had long since used up all of the due process he could squeeze out of the system. The reviewing Court is referred to the attached Findings of Fact and Conclusions of Law for a more comprehensive (but by no means exhaustive) discussion of our reasons for ordering the case to be converted to Chapter 7.

We regret that our overindulgence of this debtor has resulted in such unreasonable delay for his creditors, and we have learned the hard way of the potential problems associated with the entry of self-executing conversion orders. Finally, we forewarn Mr. Gomes (and his counsel) that the continued attempt to manipulate the judicial system to Gomes' advantage, without merit, only to further delay creditors, will result in the imposition of appropriate, substantial sanctions.

Enter Judgment accordingly.

1. (c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

 (1) unreasonable delay by the debtor that is prejudicial to creditors;

 (2) nonpayment of any fees and charges required under chapter 123 of title 28;

 (3) failure to file a plan timely under section 1321 of this title;

 (4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;

 (5) material default by the debtor with respect to a term of a confirmed plan;

 (6) revocation of the order of confirmation under section 1330 of this title, and denial of

EXHIBIT 1

## FINDINGS AND CONCLUSIONS IN SUPPORT OF ORDER CONVERTING CHAPTER 13 CASE TO ONE UNDER CHAPTER 7

Heard on the Trustee's motion to convert the debtor's Chapter 13 case to one under Chapter 7 pursuant to 11 U.S.C. § 1307(c).[1] On November 18, 1982 the Court entered an order converting the case, and the debtor appealed said order to the Bankruptcy Appellate Panel. Because the November 18, 1982, order was not accompanied by formal findings of facts and conclusions of law, for the purpose of completing the record on appeal, they appear below.[2]

A recital of the complete travel of this case is most relevant to the Court's decision to enter the order of conversion.[3] The debtor filed his Chapter 13 petition on February 19, 1981. A confirmation hearing was first held on April 2, 1981, but because of the debtor's request to amend the plan, together with insurance problems with his real estate, the confirmation hearing was continued three more times before the Court finally authorized an order of confirmation to be entered on June 24, 1981.[4] On October 15, 1981 the Trustee filed a motion to convert the case "on the grounds that there has been unreasonable delay by the debtor that is prejudicial to creditors." A

 confirmation of a modified plan under section 1329 of this title; and

 (7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

3. The docketed travel tells only part of the entire story. Unrecorded, but very much a part of this case, are numerous office conferences conducted at great length, requiring the repeated attendance of counsel, with resulting legal expense to creditors attempting to have their rights determined.

4. No order of confirmation was entered because the Trustee, apparently through oversight, did not present one to the Court.

hearing was held on the Trustee's motion on November 18, 1981, but that hearing was continued to permit the debtor to present an amended plan, based on his projections concerning future construction contracts. At a continued hearing on November 25, 1981 the Trustee agreed to the amended plan, but reserved the right to move again for conversion in the event of yet another default by the debtor. The amended plan was confirmed on December 17, 1981.

On January 12, 1982 Mary Fawthrop, a creditor, filed a motion to convert because of her failure to receive payments both within and outside the plan. A hearing was held on February 25, 1982 at which the debtor promised again that he would try to make payments according to the plan. Due to the many previous hearings and continuances accorded the debtor, and problems with non-payment, on March 8, 1982 the Court entered a self-executing order providing for automatic conversion upon default by Mr. Gomes. This is a procedure rarely approved by this Court, but clearly warranted in the circumstances of this case.

Again on May 3, 1982 Mary Fawthrop filed a motion to convert because of the debtor's failure to meet scheduled payments. The Trustee appeared at the hearing on the motion on May 20 and stated that he intended to file an affidavit to the effect that payments had been missed, triggering the automatic conversion authorized by the March 8 order. The affidavit was filed and another hearing was held on June 15, 1982. At that time, notwithstanding the March 8 order, the hearing was continued at the debtor's request, because he was now represented by new counsel. At the continued hearing the Trustee agreed to an order skipping one month's payment (this was after testimony by the debtor asserting confusion as to the amount of the June payment), but keeping the March 8 automatic conversion order in effect. Finally,

on November 18, 1982 Fleet National Bank, another creditor, filed a motion to convert.[5]

11 U.S.C. § 1307(c) provides that on request of a party in interest, and after notice and hearing, the Court may convert a case under Chapter 13 to one under Chapter 7 for cause, including "unreasonable delay by the debtor which is prejudicial to creditors" and "material default by the debtor with respect to a term of a confirmed plan." Based on the travel of this case and the Court's numerous opportunities to see and hear the debtor, the order of conversion was belatedly entered for both of the above reasons. *See In re Petro,* 18 B.R. 566 (Bankr.E.D.Pa.1982); *In re Llorente,* 9 B.R. 78 (Bankr.S.D.Fla.1981).

This case was filed almost two years ago, on February 19, 1981. Ten months elapsed before a plan was confirmed. Although the delay at that point was such that a conversion could have been ordered, the Trustee withdrew his motion in order to give the debtor "another chance" to pay creditors through a plan.

After the plan was finally confirmed, the debtor defaulted in payments not once, but several times. Although the Code permits conversion after a material default, here, based on repeated and impassioned requests by the debtor, he was allowed to continue in Chapter 13 *through six more hearings.* Notwithstanding Mr. Gomes' alleged desire to pay his creditors, the docket reflects that he has been afforded far too many opportunities to achieve that goal through a Chapter 13 proceeding.[6] It would add insult to the injury already suffered by creditors to allow this case, with its long history of defaults, to continue any longer.

Mr. Gomes long ago exhausted all of the equitable arguments in support of his representations that he will pay his creditors if just given time. Once the true effect of the debtor's repeated assertions that his

---

**5.** This motion was not considered because on that date the Court acted in accordance with its previous order providing for automatic conversion upon default by the Debtor.

**6.** *See* Docket Sheet attached as Exhibit A.

requests for time were "in behalf of creditors" became apparent, an enormous injustice had been done to creditors, secured and unsecured alike, in the name of giving a self-styled, earnest debtor the benefit of doubt after doubt. For this, the Court apologizes to the affected creditors.

## EXHIBIT 2

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF *Case No.*

In re Alfred C. Gomes

 Debtor *

Soc. Sec. No. 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 Debtor's Employer's Tax Id. No. 05-0396878

CHAPTER 13
PLAN

*If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.)*

1. The future earnings of the debtor are submitted to the suprevision and control of the trustee and the *debtor—debtor's employer* shall pay to the trustee the sum of **$633.52** *beekly—bi-weekly—semi-monthly—monthly* X for a period of 48

2. From the payments so received, the trustee shall make disbursements as follows:

 *(a)* Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

 *(b)* Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

 100%

 *(c) Subsequent to—pro rata with* dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

 100%

3. The following executory contracts of the debtor are rejected:

 N/A

Title to the debtor's property shall revest in the debtor *on confirmation of a plan—upon dismissal of the case after confirmation pursuant ot 11 U.S.C. § 1329—upon closing of the case pursuant to 11 U.S.C. § 350.*

Dated: 31 October 1985 *Alfred C. Gomes*

 *Debtor* Alfred C. Gomes *Debtor*

Acceptances may be mailed to .............................................................................

 *Post Office Address*

3082 Chapter 13 Plan (Revised OF 13-6), 8-83 © 1963 JULIUS BLUMBERT.

## EXHIBIT 3

| DIST NO | OFF NO | YR. | DOCKET NUMBER | DATE PETITION FILED | REOPENED | CHECK IF APPLICABLE | |
|---|---|---|---|---|---|---|---|
| 0103 | 1 | 81 | 06 | MO 02 DAY 19 YR 81 | 0 | Joint Petition | |

| NAME OF DEBTOR | CHECK PROPER BOXES | | OBLIGATIONS OF DEBTOR AS SCHEDULED | |
|---|---|---|---|---|
| GOMES ALFRED CHARLES | X | Voluntary | | |
| LAST FIRST MIDDLE | | Involuntary | | |
| | | Business | PRIORITY | |
| | X | Non-Business | $ 5854 00 | |
| S.S.# 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 | COMMENCED UNDER | | SECURED | |
| | | Chap 7 | $ 29136 00 | |
| | | Chap 7 Stockbroker | UNSECURED | |
| | | Chap 7 - Commodity Broker | $ 29573 00 | |
| | | Chap 9 | TOTAL ASSETS OF DEBTOR AS SCHEDULED | |
| | | Chap 11 | | |
| ADDRESS OF DEBTOR (Number and Street) | | Chap 11 - Railroad | $ 31337 00 | |
| | XX | Chap 13 | NO OF CREDITORS SCHEDULED 21 | |
| 206 North Rd. | | Sec 304 | | |
| | NAME OF JUDGE | | FILING FEES PAID IN FULL AT THE TIME OF FILING | |
| | ARTHUR N. VOTOLATO JR XXX | | | |
| CITY | COUNTY Washington | STATE ZIP | JUDGE CODE | FEES TO BE PAID IN INSTALLMENTS |
| Kingstown | CODE 44009 | RI 02881 | A009 | |

| ATTORNEY FOR DEBTOR | Russell D. Raskin, Esq. ** 203 Waterman St. Providence, RI 02906 | TRUSTEE | John Boyajian, Esq. 182 Waterman St. Providence, RI 02906 |
|---|---|---|---|
| ATTORNEY FOR PETITIONING CREDITORS | | ATTORNEY FOR TRUSTEE | John Boyajian, Esq. 182 Waterman St. Providence, RI 02906 |
| EXAMINER | | OTHER | **John McCloskey, Esq.(Atty for dbtor ) 10 dorrance Street Providence, RI 02903 |

| DATE | 11/18/82 Converted | BANKRUPTCY CASE RECORD | |
|---|---|---|---|

Feb. 19 — Petition filed. Letter to creditors and plan for payment forthcoming. gk

Mar. 13 — Remaining Schedules filed. gk

16 — 24 notices mailed re §341 Mtg. to be held 3/26/81 at 8:30 a.m. Confirmation Hearing to be held 4/2/81 at 3:00 p.m. gk

16 — Notice of Intention to Abandon Property i.e. Electronics Transamerica and Digital Scale filed. gk

APR 2 — Hrg held re Confm of Plan. APP: John Boyajian, R. Raskin, Arthur Reed, David Reilly. Stmts by J. Boyajian. Stmts by D. Reilly & A. Reed object ing to Plan. Stmts by Raskin re amending plan. Matter continued to April 16, 1981 at 2:00 p.m. Wage order to be entrd.-lc

2 — Obj to Confm of Plan by Marguerite Blake. gk

16 — Conf hrg held. APP: J. Boyajian. Stmts by J. Boyajian re real estate appraisal. Mtr contd to May 6, 1981 at 2:00 p.m.-lc

16 — Account of Custodian & Request for Payment of Adm Exp filed.-lc

| | |
|---|---|
| Apr. 16 | Entr of App of Stephen A. Haire as atty for RI Higher Education Auth. gk |
| MAY 6 | Conf Hrg. APP: John Boyajian, Russell Raskin. Stmts by J. Boyajian and R. Raskin. Stmts by Gomez. Debtor and bank to make sure real estate is insured. Mtr contd to June 18, 1981 at 2:30 p.m.-lc |
| 27 | Ent/App of Arthur M. Read, II as atty for Mary E. Fawthrop. gk |
| JUNE 24 | Conf held. APP: Raskin, Boyajian. Conf order to be entered.-lc |
| 30 | Notc mld to t/ee, receiver of wages, atty for debtor and UST re Request for Paymt of Admin Expense filed by Leo Covas. Hrg sch for 7/15/81 at 3:00 pm. -gk |
| July 15 | PT held re Receiver's Fee. APP: J. Boyajian, Leo Covas, Harry Sinoff. Mtr under advisement with brief due if no settlement.-lc |
| July 21 | Memo by Leo Covas, Receiver. mam |
| July 23 | Ent/app of Robert B. Gates for Pltf. |
| 23 | Ent/app of Robert B. Gates as atty for Ind. Nat. Bank. gk |
| Oct. 15 | T/ee Mot to Convert. Hrg schd for 11/4/81 at 2:00 p.m. gk |
| 26 | Obj to mot to convert by debtor. gk |
| 11/3/81 | Hrg on Tee Mot to Convt to Ch 7 reschld to 11/18/81 at 2:00 p.m. Read, Reilly, Gates & Haire notified.-lc |
| 18 | Hrg held re T/M/Convt. APP: J. Boyajian, R. Raskin, L. Covas, R. Gates, Reilly Sts by Tee re arrearages, delay in payments. Stms by Gates re InBank arrearages. Stms by Raskin re re-employment of debtor. Stms be tee pressing for conversion. Mtr cont to 11/25/81 at 10:30 a.m.-lc |
| 25 | Hrg re T/M/Convt. APP: Boyajian, Raskin, Covas, Gates, Haire. Stms by Raskin outlining payment schdl for plan. Stms by Tee re no obj to amended plan w/reservations to bring new mot to convt. Stms by Gates re bank to file complt to forcls if payments are not made. Amended plan to be filed & confirmed. Stms by Covas re fee appl. Fee u/a-lc |
| Dec. 10 | Wage deduction ord entr. gk |
| 17 | Ord entr confm plan. gk |

| | |
|---|---|
| | by this court, that is a remand to the BK court to "get the record straightened out" and not for the purpose of "establishing a record". mam |
| 8/6 | PT schd re Fleet Bank vs Debtor for 8/22/85 at 2:30 p.m. Nots mld. mam |
| 8/22 | PT held. APP: Murray, McCloskey, Richardson. Fleet already foreclosed, Murray is out of case now. Richardson and McCloskey will try to resolve matter, $8600 is in question, interpleader action, exemptions is an issue that must be looked into by tee, is deb entitled to $8600? Mtr cont to 9/19/85 at 2 p.m. mam |
| 9/19 | PT re status of appeal. APP: McCloskey, Richardson, Tomasso. Hearing scheduled for October 4, 1985 at 2:00 p.m. on Motion for Reconsideration of Order of Conversion. -lc |
| 9/26 | Order entered that hrgs will be sched for Oct 4, 1985 at 2:00 p.m. at which time the order dated 11/18/82 converting case to a Ch 7 bnakruptcy; said reconsideration being a direct result of order and remand entered by Judge Boyle. acl |
| 10/2 | Hrg reschd to 10/8/85 at 10 a.m. Boyajian,McCloskey,Tomasso called. mam |
| 10/16 | Hrg passed, no shows. Matter rescheduled to October 22, 1985 at 12 Noon; telephone notice and written notice.-lc' |
| 10/22 | HRG re M/Reconsider order of conversion. APP: McCloskey. Richardson. Stms by Richardson that debtor wishes to have case converted to Ch 13 as per last pretrial conference. Tee has no objection. Statements by McCloskey requesting continuance to present a feasible plan or possibly convert to Ch 7. Stms by Tee that amended schedules must be filed. Stms by Judge re point of conversion to Ch 7. Response by McCloskey. Conference. Plan to be filed on or before 10/31/85; matter of M/Recons. continued for hearing to November 1, 1985, at 9:00 a.m. OTBE.-lc |
| 10/25 | Order entered that if debtor desires to have Ch 13 plan, dbtor must submit amended schs and proposed plan no later than 10/31/85; matter is cont'd to 11/1/85 at 9:00a.m.at which time court will reconsider its order dated 11/18/82. acl |
| 10/31 | Schedules, plan blank. acl |
| 11/1 | HRG re M/Reconsideration. APP: McCloskey, Richardson. Amended plan filed and amended schedules filed. Stms by McCloskey that plan is contingent upon real estate coming back to estate. Objection by Trustee and arguments in support of case remaining a Ch 7. McCloskey to file memo in 10 days re issue of Tee reclaiming real estate; Tee to respond in 10 days then matter u/a.-lc |

| | |
|---|---|
| Jan. 5 82 | Memo by debtor objecting to Petn of Leo D. Covas for pymt in the amt of $2,621.23 as "Custodian" entitled priority as Administrative Expense. |
| Jan 12 82 | Mot. to convert to Ch. 7 fld by Mary Fawthrop. Hrg date set for Jan 26, 1982 at 2:00 p.m. ACL |
| 14 | 31 nots mld re Mot. to convert. Hrg date set for Jan 26, 1982at 2:00 p.m. ACL |
| 2/8 | Applic of R. Raskin for atty fees. mam |
| 2/25 | Hrg re mot to convt. APP: Read, Raskin, Gates, Haire, Boyajian. Stms by Read pressing mot. Stms by Gates re no obj to mot. Stms by Raskin re plan. Stms by Boyajian and Haire obj to plan. OTBE by Boyajian re if payments are missed, plan is automatically converted.-lc |
| March 8 82 | Ord entd that the employer of dbtor forward to t/ee the sum of $755.40. ~~If any paymnt is late or past due the case will automatically be converted to a chapter 7 bankruptcy. ACL~~ per month In the event any payments are late or missed, the case will be converted to a Chapter 7. ACL |
| 3/19 | 26 nots mld re Hrg on applic of R. Raskin for atty fee schd for 4/1/82 @ 2:00 p.m. mam |
| April 2 | Decision re appl for allowance by Leo Covas, State Court receiver granted in the amount of $1,000.00 plus expenses of $121.23 and judgment entered thereon. ACL |
| 4/5/82 | Applic of atty for debtor for atty fees grtd in amt of $750.00 and exp of $20 payable as follows: 1/3 immediate 1/3 when plan accumulates funds sufficient to satisfy all accepted clms, and 1/3 upon consummation of plan. r |
| May 3 82 | Mot of Mary Fawthrop to convert case to ch. 7. Hrg date set for May 20, 1982 at 2:00 p.m. ACL |
| 5 | 29 nots mld re Mot of Mary Fawthrop to convert case to Ch. 7. ACL |
| May 4 82 | Correction on decision dated 4/2/82. ACL |
| May 19 | Obj of dbtor to Mary Fawthrop's mot to convert case to Ch. 7. Hrg date set for May 20, 1982 at 2:00 p.m. ACL |

| | |
|---|---|
| May 20 | Hrg re Mot Mary Fawthrop to Dis. APP: Read, Raskin, Boyajian. Stms by Read re payments to Fawthrop thru plan. Stms by Boyajian re dets of order of 3/8/82. Stms by Boyajian re May payment late and intention to file affidavit & convert case. Tee to file such pleadings which will be heard 6/15/82 at 2:00 pm-lc |
| 6/15 | Hrg re Tee affidavit to convt. APP: Gomes, pro se, Raskin, Boyajian, Covas. Stms by Raskin re not representing Gomes. Stms by Judge that Raskin is still atty of record. Stms by Gomes that John McCloskey will be atty & requesting continuance. Mtr cont to 6/17/82 at 4:00 p.m.; if McCloskey entrs app, Raskin may withdraw.-lc |
| 6/17 | Hrg held. APP: Boyajian, Raskin, Covas, McCloskey. Stms by Boyajian re background for affidavit to default & convt. Stms by McCloskey re Gomes will not make June payment until conversion quest is settled. Stms by McCloskey request continuance. Stms by Boyajian re Gomes' visit to office. Recess. Stms by McCloskey req contin. Mot denied. Mot to Vacate Order of 3/8/82 denied. Stms by Tee that to comply w/order $852 due June 1 & same amt due July 1. Stms by McCloskey re skipping June payment because of confusion. Gomes called & exam by Boyajian. Stms by Gomes. Stms by Judge. Stms by Boyajian re new ord skipping June payment; but keeping ord of 3/8/82 in effect w/automatic conversion; Tee to put dates & amts in order.-lc |
| 6/17/82 | Ent of app of John McCloskey, Esq. on b/hlf of debtor. ACL |
| 6/28/82 | Ord entd w/drawing Russell Raskin, Esq. as atty for dbtor. ACL |
| 11/18/82 | Fleet Nat'l Bank's mot to convert case to a Ch 7 bankruptcy. Memo attached. Hrg date set for 12/7/82 at 3:00 p.m. ACL |
| 26 | 30 nots mld re Fleet Nat'l Bank's mot to convert case to a ch 7 bankruptcy. ACL |
| 26 | Nots of appeal by debtor. $5.00 fee recd. gk |
| 11/30/82 | Order entr converting case to Ch. 7 as of 11/18/82. gk (BC100D) |
| 12/17/82 | 28 nots mld re §341 Mtg after conversion schd for 12/28/82 at 9:00 a.m. Nots of conversion mld. gk |
| 12/17 | AP820538 C/InBank v. Debtor for Relief to Foreclose.-lc |
| DEC 2 8 1982 | §341 MEETING HELD, INTERIM TRUSTEE CONTINUED YES ✓ NO____ MEETING ADJOURNED:____ OR CONTINUED TO ✓ |

| | |
|---|---|
| 1/6/83 | Findings and Conclusions in Support of Order Converting Chapter 13 Case to Chapter 7.-lc |
| 1/7/83 | Appeal forwarded to Bankruptcy Appellate Panel.-lc |
| 1/7 | No designation of record ever filed by atty for debtor.-lc |
| 1/11 | Motion for Stay of Order Pending Appeal and Memo of Law. Matter scheduled for hearing on 1/17/83 at 2:00 p.m.-lc |
| 1/17 | PT conf held re mot for stay pending appeal. APP: Boyajian, Murray, McCloskey. Tee wants to be given 90 days to sell property. There is equity for bank and probably for debtor. Mot for stay granted on the condition that all accruing interest to bank and Fawthrop and taxes that accrue during the appeal period are paid from debtor's exemption. OTBE.-lc |
| 1/17/83 | T/ee's appl to retain Boyajian, Coleman & Harrington as attys and order entd thereon. ACL |
| 1/20/83 | Order entd that debtor's motion for stay pending appeal is granted. ACL |
| 1/28/83 ----- | Cert of appt of John Boyajian, Esq. as interim trustee. ACL |
| 12/27/84 | Order 1. vacating stay pending appeal; remanding case to BK court for establishment of a record. Parties contacted and conference scheduled for 1/3/85.-lc |
| 1/3/85 | PT held. APP: Murray, Richardson, McCloskey, Read. Matter sch for hrg to establish a record re M/Fleet for RFS for 1/9/85 at 9:00 a.m.; JPTO due 1/8/85.-lc |
| 1/9 | JPTO signed by all parties.-lc |
| 1/9/85 | Joint PT order (not signed by McCloskey). mam |
| 1/9 | HRG. APP: McCloskey, Murray, Richardson. A. Gomes called and exam by McCloskey, cross by Richardson. Exhibits: Tee A; Deb's 1 & 2 full. When transcript filed, matter returned to District Court.-lc |
| 2/8 | Transcript of hearing of 1/9/85.-lc |
| 2/21 | Record forwarded to District Court this date. Parties notified.-lc |
| 7/3 | Copy of letter from Michael Murray to t/ee re balance of funds and accting. |
| 7/10 | T/ee appl to employ himself as atty for t/ee; ord entr thereon. gk |
| 7/31/ | C/Tee v Debtor for Interpleader. See AP 850042. mam |
| 8/6 | Order entered 7/26/85 by Judge Boyle, Dist Court Judge-matter is remanded to BK Court for a determination of the issue pending including arguments presented to this court that this bankruptcy has been illegally converted. This court's order of 12/21/84 is amended to correctly reflect the action taken |

| | |
|---|---|
| 12/3/85 | Debtor's Memo of Law. mam |
| 12/18 1986 | Letter from John Dunn, Attorney for Frank and Jane Budnick re their purchase of property on North Road, S. Kingstown, RI. acl |
| 1/13 | Trustee's Memo of Law. mam<br>Matter u/a. |
| 6/18 | Letter from Judge Votolato to Arthur Road. mam |